UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIZER R. DICKERSON,<br><br>          Plaintiff,<br><br>     v.<br><br>ANDREW MOUNTS, et al.,<br><br>          Defendants.<br>_____/ | CASE NO. 1:06-CV-01242-OWW-LJO<br><br>ORDER DISMISSING ACTION, WITHOUT PREJUDICE, FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED<br><br>(Doc. 1) |

I.     Screening Order

Plaintiff Kizer R. Dickerson is a state parolee proceeding pro se and in forma pauperis in this civil rights action, brought pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action, along with a request for a temporary restraining order, on September 11, 2006.  (Docs. 1 & 3.)

Pursuant to 28 U.S.C. § 1915(e)(2), the court must conduct an initial review of the complaint to determine whether it sufficiently states a claim.  The court must dismiss a complaint or portion thereof if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  If the court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment.

In reviewing a complaint under this standard, the Court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Trustees of Rex Hospital, 425 U.S. 738, 740 (1976), construe the pro se pleadings liberally in the light most favorable to the Plaintiff, Resnick

v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

Plaintiff's primary allegation is that his parole conditions are "unconstitutionally vague." The complained of parole conditions are (1) that he is "not to view, possess or have access to videotapes, films, magazines or photographs depicting any type of sexual activity or sexually oriented material," and (2) that he is not permitted to ingest alcohol. (Doc. 3-2, Plaintiff's Decl. at ¶¶ 2-3.) On January 4, 2006, Plaintiff underwent a routine urine test, which, according to parole authorities, produced a positive result for ingestion of alcohol. (Doc. 1, Compl.. at ¶15.) A few days later, on January 9, 2006, parole officers conducted a "routine" search of Plaintiff's residence, at which time the officers seized material they believed was pornographic. (Id. at ¶14.) The next day, January 10, 2006, Plaintiff was arrested for violating the conditions of his parole, specifically for using alcohol and for possession of sexually oriented material. (Id. at ¶15.) A probable cause hearing was held on January 24, 2006, followed by a revocation hearing on February 9, 2006. Plaintiff's parole was revoked and he was apparently remanded to custody.[1] (See id. at ¶¶ 18 & 23; Doc. 3 at 3.) Plaintiff contends that he was denied the right to speak and present witnesses at either the probable cause or the revocation hearing, in violation of his due process rights. Plaintiff also alleges that the conditions of his parole were "unconstitutionally vague," that he was subject to an illegal search, and that parole officials unreasonably seized his property. Plaintiff is seeking money damages and injunctive relief, including an order requiring defendants to discharge plaintiff from parole supervision and expunge his records of the parole violation..

When a prisoner or parolee challenges the legality or duration of his custody, or raises a constitutional challenge which could entitle him to an earlier release, his sole federal remedy is to petition for a writ of habeas corpus. Wilkinson v. Dotson, 544 U.S. 74, 90-91 (2005); see also Goldyn v. Hayes, 444 F.3d 1062, 1064 n.2 (9th Cir. 2006)(state prisoner remains in "custody" for purposes of habeas jurisdiction while on parole). Similarly, a challenge to the legality of

---

[1] Plaintiff has since been released from custody and remains on parole under the same conditions imposed upon him prior to the revocation. (Doc. 3 at 3.)

2

1  restrictions placed on a parolee must be brought as a habeas corpus action.  See Williams v.
2  Wisconsin, 336 F.3d 576 (7th Cir. 2003)(probation restrictions "define[] the perimeters of []
3  confinement").

4  Here, Plaintiff alleges that the revocation of his Parole stemmed from the imposition of
5  allegedly unconstitutional parole conditions and resulted from searches and hearings that
6  otherwise violated his constitutional rights.  These allegations go to the heart of the "perimeters
7  of [his] confinement" and to the legality of the revocation of his parole.  Although Plaintiff also
8  challenges the current imposition of these same parole conditions upon him, any finding by this
9  court that the conditions are unconstitutional would be the equivalent of a finding as to "the
10 legality or duration of his [prior] custody."

11 Plaintiff also seeks monetary damages for an allegedly unconstitutional imprisonment
12 under § 1983.  But, prior to bringing any such action, plaintiff must first "prove that the
13 conviction or sentence has been reversed on direct appeal, expunged by executive order, declared
14 invalid by a state tribunal authorized to make such determination, or called into question by a
15 federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254."  Heck v. Humphrey, 512
16 U.S. 477, 487-88 (1994).  "A claim . . . bearing that relationship to a conviction or sentence that
17 has not been so invalidated is not cognizable under § 1983."  Id. at 488.

18 Plaintiff may not at this time bring a civil rights action arising out of his allegedly
19 wrongful parole conditions or revocation.  Plaintiff's sole potential remedy in federal court is a
20 petition for writ of habeas corpus.  However, before filing any such petition in federal court,
21 Plaintiff must first exhaust all remedies available in the state system, including the filing of a
22 habeas corpus action in state court, if such an action is available in the state system on these
23 facts.  28 U.S.C.  § 2254(b)(1).  Accordingly, this action is HEREBY DISMISSED, without
24 prejudice, for failure to state a claim upon which relief may be granted under section 1983.  The
25 underlying action having been dismissed, Plaintiff's request for a temporary restraining order is
26 DENIED.
27 IT IS SO ORDERED.
28 **Dated:   September 15, 2006**              /s/ Oliver W. Wanger

| | |
|---|---|
| 1  emm0d6 | UNITED STATES DISTRICT JUDGE |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |
| 8 | |
| 9 | |
| 10 | |
| 11 | |
| 12 | |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |